**Connie L. STENBERG, Plaintiff–Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 07–35595.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 2008.*

Filed Dec. 16, 2008.

R.App. P. 34(a)(2).

David B. Lowry, Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

Joanne E. Dantonio, Kathryn A. Miller, SSA–Social Security Administration Office of the General Counsel, Seattle, WA, Neil J. Evans, Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before O'SCANNLAIN, GRABER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Claimant Connie Stenberg appeals from an adverse judgment on her claim for so-

---

** This disposition is not appropriate for publi-   cation and is not precedent except as provid-

cial security disability benefits. On de novo review, *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.2001), we affirm.

■ 1. The administrative law judge ("ALJ") properly rejected the argument that Claimant's mental impairments are severe, finding that they caused no restrictions in Claimant's daily activities and only mild difficulties in maintaining social functioning, concentration, persistence, and pace. Substantial evidence supporting that finding included medical records from Drs. Sjodin (noting no objective symptoms of depression and a "good" mood) and Henninger (diagnosing only mild depressive disorder and generalized anxiety), along with consistent reports from two consulting psychologists. Additionally, Claimant failed to follow up with a recommended plan for treatment, viewing it as "a waste of time." *See Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir.2005) (holding that lack of treatment is a legitimate consideration in determining the severity of an impairment).

■ 2. The ALJ permissibly found that Claimant was not entirely credible. Substantial evidence in support of that finding included Claimant's noncompliance with recommended treatments, such as attending only half of scheduled therapies and refusing psychological counseling and continued physical therapy. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1147–48 (9th Cir.2001) (approving that reason for disbelieving a claimant). Also, medical records of examining physicians, including Drs. Ogisu, Sibell, Jayaram, and Kallgren, were inconsistent with Claimant's allegedly debilitating pain. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196–97 (9th Cir.2004) (noting that as a permissible reason to find a claimant not credible).

■ 3. The ALJ properly rejected medical opinions that Claimant would have two or more absences from work per month if employed. Such opinions may be rejected for "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1996). The opinions of Drs. Sibell and Ogisu that Claimant is capable of working contradict the prediction of absences. Additionally, as we have held, the ALJ properly discredited Claimant's testimony, and the ALJ rejected opinions that rested on her subjective complaints of pain.

■ 4. The ALJ gave germane reasons, *Lewis v. Apfel,* 236 F.3d 503, 510–12 (9th Cir.2001), for rejecting the testimony of Claimant's fiancé. He is not a medical or vocational expert, and his testimony contradicted that of the medical experts on whom the ALJ relied. Additionally, his testimony "parroted" Claimant's, and the ALJ properly found her not fully credible.

■ 5. The ALJ did not err in assessing Claimant's residual functional capacity. Contrary to Claimant's argument, an ALJ is not required to discuss a claimant's limitations with respect to each of the 54 work functions, but may rely on medical and other evidence of record. 20 C.F.R. § 404.1545. Also, because the ALJ appropriately found Claimant not credible, he was not required to include limitations that she claimed in reliance solely on her subjective reports of pain. *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005).

AFFIRMED.

ed by Ninth Circuit Rule 36–3.